UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14419-Cannon/McCabe

RANALD JONES,

    Plaintiff,

v.

TEEN CHALLENGE OF FLORIDA, INC., a
Florida Not for Profit Corporation,

    Defendant.
_____/

### REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss ("Motion") (DE 11), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 12). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion (DE 11) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

### I.    BACKGROUND

This is a discrimination case pursuant to 42 U.S.C. § 1981 (DE 1). The Court accepts the following facts as true. Plaintiff is a Black individual who worked for Defendant ("Teen Challenge") from February 2020 to June 2020 (DE 1 ¶¶ 7-8). During Plaintiff's term of employment, Teen Challenge engaged in intentional discriminatory conduct by giving full-time positions to white employees, but offering only a part-time position to Plaintiff (DE 1 ¶ 10). Teen Challenge also requested Plaintiff to undergo a criminal background check, a requirement not imposed on white employees (DE 1 ¶ 11).

During Plaintiff's term of employment, Teen Challenge also created a hostile work environment (DE 1 ¶ 12). Among other actions, Teen Challenge cut Plaintiff's work hours and

sent him home on several occasions (DE 1 ¶ 13). This caused Plaintiff to lodge several complaints, verbally and in writing, that he was being treated unfairly, that he was being discriminated against, and that he was being subjected to a hostile workplace environment (DE 1 ¶ 14). Teen Challenge thereafter terminated Plaintiff in retaliation for his protected activity (DE 1 ¶ 15).

On December 15, 2022, Plaintiff filed the instant Complaint[1] alleging race discrimination (Count I) and retaliation (Count II), both in violation of 42 U.S.C. § 1981 (DE 1 at 4-6). This Motion followed, seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 11).

II. **LEGAL STANDARD**

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

III. **DISCUSSION**

By way of this Motion, Teen Challenge seeks dismissal of both counts of Plaintiff's Complaint for failure to state a claim upon which relief can be granted (DE 11). As a threshold

---

[1] Plaintiff refers to the operative complaint as an amended complaint (*see, e.g.*, DE 14 at 3). This appears to be a scrivener's error as the operative complaint in this case is the initial Complaint filed on December 15, 2022 (DE 1).

matter, however, the Court opts not to reach the merits of these arguments and instead finds that the Complaint violates the rule against shotgun pleadings and, as such, should be dismissed without prejudice. *See Ferrell v. Durbin,* 311 F. App'x 253, 259 n.8 (11th Cir. 2009) ("When presented with a shotgun complaint, the district court should order repleading *sua sponte.*"); *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 (11th Cir. 2020) ("Shotgun pleadings are unacceptable for many reasons," and should be remedied by the court upon the motion of the opposing party or *sua sponte*).

### A.  Shotgun Pleadings

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) requires that each claim be presented in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate occurrence ... be stated in a separate count." Complaints that violate Rules 8(a)(2) and 10(b) are known as "shotgun pleadings." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both."). Shotgun pleadings fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Ctny. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Shotgun pleadings commonly suffer from one or more of the following deficiencies:

(1)  they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, and leaving the last count to be a combination of the entire complaint;

(2)  they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;

(3)  they do not separate each cause of action into a different count; and

   (4)  they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Id.*

  **B.**  **Plaintiff's Complaint**

The Complaint here suffers from multiple of the above deficiencies. To begin, the Complaint does not separate distinct legal theories of discrimination into separate and distinct counts. Count I, for example, is labeled "Race Discrimination in Violation of 42 U.S.C. § 1981" (DE 1 at 3). Count I then incorporates all preceding allegations (DE 1 ¶ 17). This leaves the defendant (and the Court) to speculate as to which particular acts Plaintiff believes constituted discrimination in violation of federal law. The Complaint further leaves the defendant (and the Court) to speculate as to which particular theory of discrimination Plaintiff attempts to pursue in Count I.

Taken at face value, Count I complains about *everything* and therefore simultaneously alleges discrimination based on multiple legal theories, potentially including adverse employment actions under a disparate impact theory (DE 1 ¶¶ 10, 11, 13, 14, 15), a hostile work environment theory (DE 1 ¶ 12), and retaliation theory (DE 1 ¶ 12). Plaintiff cannot lump all of these legal theories into a single count. *See Elliot v. Cleanwrx, Inc.*, No. 19-24250-CIV, 2019 WL 6769742, at *1 (S.D. Fla. Dec. 12, 2019) (finding a shotgun pleading where the "parties are referring to and conflating at least three different claims for relief" under one count of race discrimination under § 1981); *Hampton v. MTC Med., LLC*, No. 3:21-CV-449, 2021 WL 1813896, at *1 (M.D. Fla. May 6, 2021) (finding a shotgun pleading where the complaint impermissibly included two separate causes of action in one count of race discrimination).

The undersigned therefore recommends that the Complaint be dismissed, and that Plaintiff be afforded leave to file an Amended Complaint. The Amended Complaint should specify the theory of discrimination pursued in each count, and it should separate different legal theories into different counts. *See Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (describing the difference between a hostile work environment and that of tangible employment action, such as firing or demotion); *Cardinal v. Haines City, Fla.*, No. 8:19-CV-3137, 2021 WL 3418814, at *1 (M.D. Fla. Aug. 5, 2021) (comingling allegations of race discrimination and retaliation creates an impermissible shotgun pleading). Moreover, to the extent Plaintiff seeks to incorporate previously numbered paragraphs into a count, the incorporated paragraphs must be relevant to the particular count. *See Diaz v. Mekka Miami Grp. Corp.*, No. 16-CV-20589, 2016 WL 11201731, at *3 (S.D. Fla. June 21, 2016) ("Numbered paragraphs may be incorporated by reference later in the pleading, however, this is only appropriate when the referenced paragraphs are relevant.").

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 11) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint. **Pending the District Court's resolution of this Report and Recommendation, Plaintiff may only file an Amended Complaint in full compliance with Federal Rule of Civil Procedure 15.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

5

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of April 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE