UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14419-Cannon/McCabe

RANALD JONES,

    Plaintiff,

v.

TEEN CHALLENGE OF FLORIDA, INC., a
Florida Not for Profit Corporation,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Motion") (DE 20), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 23). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion (DE 20) be **DENIED.**

**I.    BACKGROUND**

This is a race discrimination and retaliation case pursuant to 42 U.S.C. § 1981 (DE 1). On May 3, 2023, the District Court accepted the undersigned's recommendation that the original Complaint be dismissed without prejudice (DE 18). In adopting that recommendation, the District Court warned that Plaintiff would be given "one final opportunity to file an Amended Complaint that is consistent with the Report [and Recommendation]" (DE 18). Thereafter, on May 16, 2023, Plaintiff filed an Amended Complaint, alleging employment discrimination based on race (Count I) and retaliation (Count II), both in violation of 42 U.S.C. § 1981 (DE 19). Plaintiff alleges the following facts, which the Court accepts as true.

### A. Race Discrimination Allegations

In or around February 2020, Plaintiff, a Black person, applied for a job as a full-time direct care staff worker with Defendant, which operates residential treatment programs for teens (DE 19 ¶¶ 9-10). Once Plaintiff appeared for an interview, Defendant only offered Plaintiff the option of a part-time position (DE 19 ¶ 11). Plaintiff took the position, becoming the only Black direct care staff member working for Defendant (DE 19 ¶ 9). In contrast to Plaintiff, all of Defendant's non-Black employees held full-time positions (DE 19 ¶¶ 12, 14).

Before Plaintiff began working, Defendant required Plaintiff to undergo a background check and fingerprinting, causing a delay in starting employment (DE 19 ¶ 13). In contrast to Plaintiff, at least one non-Black employee was not required to undergo a background check or fingerprinting (DE 19 ¶ 14).

Once Plaintiff began working, his supervisor regularly asked him to work after hours without compensation, which Plaintiff agreed to do (DE 19 ¶ 15). By contrast, the supervisor did not ask non-Black employees to work after hours without compensation (DE 19 ¶ 15). The supervisor also requested Plaintiff to work on a weekend without compensation (DE 19 ¶ 16). By contrast, the supervisor did not request non-Black employees to do the same (DE 19 ¶ 16).

Plaintiff alleges the above conduct amounted to race discrimination in violation of 42 U.S.C. § 1981 (DE 19 ¶¶ 18-20). Plaintiff further alleges that any reasons proffered by Defendant for the above-described conduct would be a mere pretext for unlawful race discrimination (DE 19 ¶ 22).

### B. Retaliation Allegations

At some point during Plaintiff's tenure of employment, Plaintiff made a report to the Department of Children and Families ("DCF") regarding the level of care given to the children at

Defendant's facility (DE 19 ¶ 18). Following that report, DCF removed a child from the facility (DE 19 ¶¶ 18-19).

Following DCF's removal of the child, one of Plaintiff's supervisors sent Plaintiff home and cut his hours (DE 19 ¶ 19). The next day, while at work, Plaintiff complained to another supervisor via email, stating: "I am being treated unfairly in the workplace," "I feel discriminated against, and the workplace is becoming a hostile environment," and "my shift hours [were] cut yesterday" (DE 19 ¶ 20).

Upon receipt of this email, Plaintiff's supervisor informed Plaintiff that the email was concerning, and he sent Plaintiff home (DE 19 ¶ 21). Later, Defendant terminated Plaintiff (DE 19 ¶ 22). Plaintiff alleges this conduct amounted to retaliation in violation of 42 U.S.C. § 1981 (DE 19 ¶¶ 23-24). Plaintiff further alleges that any reasons proffered by Defendant for the above-described conduct would be a mere pretext for unlawful retaliation (DE 19 ¶ 24).

## II. LEGAL STANDARD

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 20). In evaluating a Rule 12(b)(6) motion, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendant moves to dismiss both counts of the Amended Complaint (DE 20). The Court will address each count in turn.

### A. Count I – Race Discrimination

Count I alleges discrimination in violation of 42 U.S.C. § 1981 (DE 19 ¶¶ 7-22). To prevail in a § 1981 case, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009 (2020). Courts have long recognized that "legally protected rights" include at-will employment relationships. *Wilson v. Boca W. Master Ass'n*, No. 9:19-CV-80007, 2019 WL 1258789, at *3 (S.D. Fla. Mar. 18, 2019). As such, § 1981 prohibits racial discrimination in employment relationships. *Minnifield v. City of Birmingham Dep't of Police*, 791 F. App'x 86, 90 (11th Cir. 2019).

At trial, plaintiffs who seek to prove employment discrimination through circumstantial evidence must first establish a prima facie case of discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 794 (1973).[1] A plaintiff must show the following: "(1) [plaintiff] is a member of a protected class; (2) [plaintiff] was qualified for the position; (3) [plaintiff] suffered an adverse employment action; and (4) [plaintiff] ... was treated less favorably than a similarly-situated individual outside [the] protected class." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802)).

---

[1] Although the Supreme Court decided *McDonnell Douglas* in the context of a Title VII case, courts use the same framework to analyze discrimination claims under § 1981. *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022).

To survive a motion to dismiss at the pleading stage, a plaintiff need not plead specific facts to support each element of the *McDonnell Douglas* prima facie case, which "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002). Instead, a plaintiff need only "provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (cleaned up).

Drawing all reasonable inferences in Plaintiff's favor, the Court finds Plaintiff has alleged sufficient facts to make out a viable § 1981 discrimination claim. Specifically, the Amended Complaint alleges that Defendant engaged in intentional discriminatory conduct against Plaintiff, who is Black and was qualified for his position, by: (a) giving full-time positions to non-Black employees, but offering only a part-time position to Plaintiff; (b) requesting Plaintiff undergo a criminal background check and fingerprinting, a requirement not imposed on non-Black employees, which delayed his ability to start his employment; (c) repeatedly requesting Plaintiff work after hours without compensation, a requirement not imposed on non-Black employees; and (d) requesting Plaintiff work on a weekend without compensation, a requirement not imposed on non-Black employees (DE 19 ¶¶ 7-22).

The Court declines Defendant's request to take judicial notice of matters outside the four corners of the Amended Complaint, including Plaintiff's job application (DE 20 at 6). In the filings related to this Motion, the parties make numerous arguments and counter-arguments as to the import of this document (DE 20 at 6, DE 24 at 4). The Court defers such arguments to the summary judgment stage, where the Court can address them with the benefit of a fully developed record. In the meantime, the Motion should be denied as to Count I.

### B.     Count II – Retaliation

Count II alleges retaliation in violation of 42 U.S.C. § 1981(a).  To satisfy the *McDonnell Douglas* framework for a retaliation claim, a plaintiff must prove at trial that:  (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was some causal relation between the two events.  *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008).  "Statutorily protected activity" includes making complaints to management about behavior that a plaintiff reasonably believes to constitute unlawful discrimination.  *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1187 (11th Cir. 2001).  In the context of a § 1981 retaliation claim, "the unlawful discrimination complained of must pertain to race."  *Harris v. Cellco P'ship*, No. 21-81129-CV, 2021 WL 8155331, at *6 (S.D. Fla. Dec. 29, 2021) (citing *Bell v. City of Auburn, Ala.*, 722 F. App'x 898, 900 (11th Cir. 2018)).

Defendant argues the Amended Complaint must be dismissed because Plaintiff did not allege facts sufficient to show he engaged in "statutorily protected activity" for § 1981 purposes (DE 20 at 13).  Specifically, although Plaintiff alleged he made complaints to management, Defendant argues the complaints did not pertained to *race*.  Instead, Plaintiff complained of the perceived harassment he suffered as a result of becoming a whistleblower and reporting Defendant's alleged misconduct to DCF.

The Court agrees that Plaintiff's status as a whistleblower, and complaints he made over perceived harassment due to his whistleblower status, cannot support a viable § 1981 retaliation claim.  Plaintiff's whistleblowing to DCF had nothing to do with race.  The Court disagrees, however, that the Amended Complaint restricted Plaintiff's complaints solely to whistleblowing and not to his race.

>The Amended Complaint alleges as follows:
>
>Plaintiff complained the next day to [supervisor] about Defendant's illegal work practices including sending an email to his manager complaining about discrimination stating: "I am being treated unfairly in the workplace" "I feel discriminated against, and the workplace is becoming a hostile environment" "After all this my shift hours was cut yesterday."

(DE 19 ¶ 20). The Court cannot discern whether the "discrimination," "unfair treatment," and "hostile environment" referred to in this paragraph relate to Plaintiff's whistleblowing, his race, or to both. Drawing all reasonable inferences in Plaintiff's favor, as the Court must, the Court interprets this allegation to include complaints of race-based discrimination.

The Court again declines Defendant's request to take judicial notice of matters outside the pleadings, including the purported full email referred to in the Amended Complaint (DE 20 at 6). Defendant argues the full email shows that Plaintiff's complaints related solely to whistleblowing and had nothing to do with race. The Court declines to look to evidence beyond the pleadings, as the Court lacks context for the email and the conversations that may have preceded or followed it. The Court defers all arguments on this issue to the summary judgment stage, where the Court can address them with the benefit of a fully developed record. In the meantime, the Motion should be denied as to Count II.

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 20) be **DENIED.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 20th day of July 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE